IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



NEWPORT NEWS HOLDINGS, LLC,

    Plaintiff,

v.

Civil Action No. 4:17cv124

GREAT AMERICAN INSURANCE COMPANY,
d/b/a Great American Insurance Group,

    Defendant.

### OPINION & ORDER

This matter came before the Court on Plaintiff Newport News Holdings, LLC's ("Newport News Holdings's" or "Plaintiff's") Motion to Quash Defendant Great American Insurance Company's ("GAIC's" or "Defendant's") Subpoena Duces Tecum to Andrew C. Macleay ("Macleay"). Doc. 15 ("Motion"). The Court held a hearing on the instant Motion on January 30, 2018, and **SUSTAINED** the Motion from the bench. The Court now issues this Opinion & Order further explaining its ruling.

### I. BACKGROUND

This case involves the owner of a hotel in Newport News suing its insurance company for coverage of alleged damage that occurred during alleged vandalism to its hotel. See generally Doc. 1, Ex. 1 ("Compl."). Newport News Holdings filed its complaint in the Circuit Court for the City of Newport News on September 26, 2017. See id. GAIC timely removed the case to this Court on October 31, 2017. Doc. 1. On November 27, 2017, the Parties jointly moved to bifurcate bad faith claims from the remainder of the insurance claims. Doc. 13. The Court GRANTED that bifurcation on November 28, 2017. Doc. 14. The Court entered a Rule 16(b) scheduling order on November 30, 2017. Doc. 17.

Newport News Holdings filed the instant Motion on November 29, 2017. Doc. 15. GAIC responded in opposition on December 13, 2017. Doc. 18. Newport News Holdings replied on December 18, 2017. Doc. 20.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance, service, and quashing of subpoenas, including subpoenas duces tecum. See Fed. R. Civ. P. 45. Rule 34(c) permits a party to serve a request to produce documents within the scope of Rule 26(b) on a non-party. See Fed. R. Civ. P. 34(c).

## III.  ANALYSIS

This Motion presents two (2) issues: whether Macleay is an expert such that Newport News Holdings has a privilege interest in Macleay's files, and whether a Rule 45 subpoena is an appropriate method for obtaining an expert's files.[1]

While GAIC does not phrase it as such, its first argument is essentially a standing argument. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 239 (E.D. Va. 2012) (quoting United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005)). Newport News Holdings claims privilege over "[c]ommunications with a retained or anticipated expert," namely, Macleay, and "draft version of final reports . . . ." Doc. 16 at 4. GAIC counters that Macleay is a public adjuster and that his files were prepared for pursuing claims, not in anticipation of litigation. Doc. 18 at 5. Newport News Holdings attaches its contract with Goodman-Gable-Gould Company ("GGG"), Macleay's employer, in reply, observing that the agreement states that

---

[1] Newport News Holdings agreed at the hearing that GAIC remedied two (2) procedural violations originally raised in the instant Motion.

2

"GGG agrees to provide litigation services in support of legal matters described above in which Client has retained C. Thomas Brown, Esq. ("Attorney") as their attorney." Doc. 20 at 4 (quoting Id., Ex. 2 at 1). It also states that its attorney arranged retention of GGG and Macleay on June 1, 2016, in light of a May 11, 2016 letter from counsel retained by GAIC stating a full reservation of rights and demanding formal examinations under oath as well as sixteen (16) categories of documents. See id. at 3–4. It represents that it understood a letter from counsel arriving four (4) months after a loss, with no decision, as preparation for litigation. See id.

While GAIC is correct that not every public adjuster is an expert, it has offered no persuasive explanation why Macleay cannot serve as both an expert and a public adjuster in this case. GAIC notes that Macleay's contract includes some services that appear more closely related to his role as a public adjuster than an expert, but it does not dispute the accuracy of the language "litigation services" beyond arguing that the contract was written broadly to protect Macleay's files. Even if Newport News Holdings was writing the contract in such a manner, such a conclusion does not preclude the related conclusion that Newport News Holdings intends to call Macleay as an expert. Thus, the Court **FOUND** that Macleay may be properly designated as an expert, and further **FOUND** that a privilege interest applies here. The Court further **ORDERED** Newport News Holdings to produce a privilege log for any document in Macleay's file over which it claims privilege within **fifteen (15) days** of the date of this Order.

The privilege finding does not end the inquiry because Newport News Holdings only asserts privilege as to some documents while arguing that the remainder of the file is not yet discoverable. District courts are split on whether a Rule 45 subpoena is appropriate for obtaining an expert's files, and this District has apparently never taken a position on the issue. Newport News Holdings urges the adoption of the standard from the Western District of Virginia, which

holds that a bare Rule 45 subpoena duces tecum is an improper evasion of the exclusive expert discovery provisions of Rule 26(b)(4). Doc. 16 at 3–4 (quoting Marsh v. Jackson, 141 F.R.D. 431, 433 (W.D. Va. 1992)). At least one other court in this Circuit, the Western District of North Carolina, has applied the Western District of Virginia's standard. See Newcomb v. Principal Mut. Life Ins. Co., No. 1:07cv345, 2008 WL 3539520, at *3 (W.D.N.C. Aug. 11, 2008) (applying Marsh and collecting cases regarding the Marsh standard). The contrary view is that Rule 45 is an appropriate tool for discovery on all non-parties, and Rule 26 has no explicit ban on using Rule 45 subpoenas duces tecum for experts. See, e.g., Expeditors Int'l of Washington, Inc. v. Vastera, Inc., No. 04cv0321, 2004 WL 406999, at *3 (N.D. Ill. Feb. 26, 2004) (collecting cases).

This Court agrees with the Western District of Virginia that a bare Rule 45 subpoena to an expert is an impermissible evasion of the process for expert discovery. Rule 26(b)(4)(A) provides that "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Fed. R. Civ. P. 26(b)(4)(A). It then proceeds with detailed limits on what information is discoverable. See id. 26(b)(4)(B)–(D). Rule 26 does not explicitly prohibit other discovery methods. Nevertheless, as the court in Marsh observed, this framework "contemplate[s] gathering information first from the party viz Rule 26(b)." Marsh, 141 F.R.D. at 433. Allowing Parties to serve a bare Rule 45 subpoena duces tecum on experts before the Rule 26(b) disclosures would function as an end-run around this framework for expert discovery. Thus, the Court **ADOPTED** the standard in Marsh, **FOUND** that GAIC's Rule 45 subpoena to Macleay is procedurally defective because it occurs

outside the Rule 26(b)(4) framework, and **QUASHED** the subpoena, **SUSTAINING** the instant Motion.

Banning a Rule 45 subpoena at this stage does not give Newport News Holdings a license to withhold a wide swath of files, though, because the scope of the privilege for expert files is a qualified privilege. See Fed. R. Civ. P. 26(b)(4). It must produce materials at the appropriate time for expert discovery, working cooperatively to facilitate expert discovery and deposition in advance of trial. If any disputes arise regarding materials listed on the ordered privilege log and whether they are truly privilege, the Court will reviews those documents in camera on receipt of a proper motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **SUSTAINED** the Motion to Quash, Doc. 15, and **QUASHED** the subpoena to Andrew C. Macleay. The Court further **ORDERED** Newport News Holdings to produce a privilege log for any document in Macleay's file over which it claims privilege within **fifteen (15) days** of the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 31, 2018